**UNITED STATES of America,
Appellee,**

v.

**Gilbert Kenneth GIGSTEAD, Appellant.**

**No. 75–1662.**

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 9, 1975.

Decided Jan. 22, 1976.

---

1. The trial court found that Lewis was fully advised of his rights and the record supports this finding.

Robert W. Rischmiller, Minneapolis, Minn., for appellant.

Richard E. Vosepka, Asst. U. S. Atty., Minneapolis, Minn., for appellee.

Before LAY, BRIGHT and HENLEY, Circuit Judges.

PER CURIAM.

In the summer and fall of 1974 Gilbert Kenneth Gigstead, defendant below, and others were operating a so-called "wildlife ranch" in the District of Minnesota. The ranch, which was open to the public and for admission to which a fee was charged, included a museum in which were displayed the stuffed skins of wild birds, including migratory birds protected by the Migratory Bird Treaty Act of 1918, as amended, 16 U.S.C. § 703 et seq.

In August and again in November, 1974 one or more Special Agents of the Law Enforcement Division of the United States Fish and Wildlife Service, a branch of the Department of the Interior, visited the defendant's ranch and paid the usual admission fee or fees. The agents were acting in an undercover capacity and did not reveal to the defendant their connection with the government. On both occasions the defendant offered to sell to the agents stuffed birds such as great horned owls, goshawks, ducks of various kinds, and other species of birds protected by the Act. And in both instances the agents purchased stuffed birds.

Thereafter the defendant was indicted. At about the same time defendant's son, Gill Stuart Gigstead, and Ralph Joseph Wasche, both of whom were associated with the defendant in the operation of the ranch, were separately indicted.

The indictment against the defendant contained seven counts originally. The first, fourth and seventh counts charged unlawful possession of birds; the second and fifth counts charged unlawful offerings of birds for sale; and the third and sixth counts charged unlawful sales. In one instance the bird sold was a goshawk; in the other it was a great horned owl.

The defendant pleaded not guilty in subject case, and his son and Wasche pleaded not guilty to the charges against them. By agreement the three cases were tried together to a jury with Chief

District Judge Edward J. Devitt presiding. At the conclusion of the evidence the government dismissed the possession counts against the defendant; he was convicted on the remaining counts. Defendant's son was convicted of all of the charges against him; Wasche was acquitted with respect to all charges.

The defendant was sentenced to imprisonment for two years but with execution of sentence suspended and defendant put on probation for a period of two years on condition that he pay a $1500.00 fine. He appeals.

For reversal defendant advances a number of contentions including a claim that his conduct was justified by the fact that he held a scientific collector's permit issued to him many years prior to the dates of the offenses charged and at a time when he was an employee of what is now the Fish and Wildlife Service, by the fact that the wildlife ranch that has been mentioned is a public scientific and educational institution, and that he offered the birds for sale and sold them to government employees who were entitled to acquire them in line of duty. Another claim that the defendant makes is that in connection with promulgating regulations under the Act the Secretary of the Interior failed to give proper consideration to the question of whether the species of birds involved in the case are really scarce in number or in danger of extinction, and that in fact the species in question are in abundant supply and are not in any danger of becoming extinct.

The district court declined to submit defendant's legal theories to the jury, and instructed the jury in effect that if with respect to a particular count the jury was convinced by the evidence and beyond a reasonable doubt that the defendant had in fact offered for sale or sold the bird or birds mentioned in the count under consideration, the defendant should be found guilty on that count; otherwise, he should be found not guilty.

As has been stated, the government voluntarily dismissed the possession counts, and its action in that respect may well have been due to the fact that the defendant held a collector's permit which had no expiration date and which had never been recalled or revoked.

■ But, the fact that defendant may have been entitled to have protected birds or their stuffed skins in his possession gave him no right to sell or offer to sell the birds or their skins in ordinary commercial transactions, including transactions with Special Agents of the Service acting in undercover capacity. There is no suggestion here that the defendant was unlawfully entrapped by the government agents.

Persons who acquire and deal in protected species of birds are generally required to have permits issued by the Department and to operate within the terms of their permits. The matter of permits is governed by regulations appearing in 50 CFR, Parts 13 and 21. The defendant has never had a permit authorizing him to offer for sale or sell birds of the types involved in this case.

■ It is true that there are some exemptions from permit requirements, and under 50 CFR § 21.12(b) certain public institutions, including public scientific and educational institutions, may deal in protected birds to a limited extent. 50 CFR § 10.12 defines "public" as related to such things as museums, zoological parks, and scientific or educational institutions as meaning "such as are open to the general public and are either established, maintained, and operated as a governmental service or are privately endowed and organized but not operated for profit." There is no evidence here that would bring the defendant's operation within the regulatory exemption.

■ Under the terms of 16 U.S.C. § 704 the Secretary of the Interior in determining how to administer the Act and in determining what regulations are to be issued is authorized and directed to take a number of economic and ecological factors into consideration, including the distribution, abundance, economic value, breeding habits and migration

routes of various species of birds. Presumably, the Secretary has done his duty; but in any event where he has promulgated facially valid regulations we do not think that a defendant in a criminal case can collaterally attack them as the defendant in the instant case is trying to do. To put it this way, if the Secretary has determined that a given species of birds needs protection, we do not think it open to a defendant in a criminal case like this one to contend that the species is or has become so abundant that it no longer needs any protection.

We have considered other assignments of error advanced by the defendant and do not consider that they require reversal.

The judgment of the district court is affirmed.